Deborah L. Stein (State Bar No. 224570)
K. Lucy Atwood (State Bar No. 222745)
Peter R. Jordan (State Bar No. 259232)
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067
Telephone:   (310) 407-7500
Facsimile:    (310) 407-7502
Email:         dstein@stblaw.com
                   katwood@stblaw.com
                   pjordan@stblaw.com

Attorneys for Defendant
National Fire & Marine Insurance Company

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYLAND CASUALTY COMPANY,<br><br>          Plaintiff,<br>     v.<br><br>NATIONAL FIRE & MARINE INSURANCE COMPANY,<br><br>          Defendant. | Case No. 2:12-cv-01947-MCE-DAD<br><br>**STIPULATION AND PROTECTIVE ORDER GOVERNING PRODUCTION OF MATERIAL** |

## RECITALS

WHEREAS, Plaintiff Maryland Casualty Company ("Plaintiff") and Defendant National Fire & Marine Insurance Company ("Defendant") have agreed that the documents and information they exchange in discovery during this litigation may be confidential and/or proprietary in nature;

WHEREAS, the parties have further agreed to the entry of an order pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, governing the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by any party and its respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

WHEREAS, the parties wish to provide for the confidential treatment of all such Confidential Material (as defined below);

## STIPULATION

Subject to the approval of the Court, the parties hereby stipulate to the following protective order:

## DEFINITIONS

1. As used herein:

    (a) "Confidential Material" shall mean all documents and testimony, and all information contained therein, that is: (i) produced for or disclosed to counsel for a Receiving Party; and (ii) considered by the Producing Party in good faith to constitute or to contain confidential, proprietary or otherwise sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons; and which has been so designated by the Producing Party in the manner described below.

(b)  "Producing Party" shall mean the parties to this litigation and any non-parties producing Confidential Material in connection with this litigation.

(c)  "Receiving Party" shall mean the parties to this litigation and any non-parties receiving Confidential Material in connection with this litigation.

(d)  "Confidentiality Legends" refers to the words and phrases that a Producing Party shall stamp on material that the Producing Party is designating as Confidential.

## **DESIGNATION AND USE OF CONFIDENTIAL MATERIAL**

2.  In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom as "Confidential Material" under the terms of and consistent with this Stipulated Order.

3.  In the case of documents, the Producing Party shall designate a document as Confidential Material by stamping the words "Confidential" on the face of the document and on each internal page designated as being or containing Confidential Material.  The Producing Party shall make such designations at the time it first produces or otherwise disseminates such document to the parties.

4.  In the case of deposition testimony, designations shall be made by making an oral statement to such effect on the record in the course of the deposition, or by written notification to the court reporter and to all parties within thirty (30) days following receipt of the transcript of such deposition and the exhibits thereto (or later with leave of Court or by agreement among the parties).  Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Material.  If any deposition transcript or portion thereof, including exhibits, is designated as Confidential Material, the reporter shall place the appropriate Confidentiality Legend on the original and each copy of the transcript, together with a statement identifying the pages of the deposition and/or the exhibits which are designated as Confidential

Material.  If all or part of a videotaped deposition is designated as Confidential Material, both the transcript and the videocassette or other videotape container shall be labeled with the appropriate Confidentiality Legend within the same time periods as described above.

5. In the case of affidavits, declarations, statements, written responses to requests for production of documents, and responses to interrogatories or requests for admissions, the appropriate confidentiality legend shall be placed on each page of any affidavit, declaration, statement, set of written responses to requests for production of documents, or set of responses to interrogatories or requests for admissions that contains information deemed by the Producing Party to be Confidential Material.

6. Any party may request that documents that it believes to be Confidential Material produced by third parties be treated as if they had been stamped by the producing third party by making such a request in writing to all other parties hereto within a reasonable period of time after the production by such third party.

7. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Material shall not be furnished, shown or disclosed to any person or entity except to:

   (a) personnel of Plaintiffs or Defendant actually engaged in assisting in the preparation of this action for trial or other proceeding herein;

   (b) counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel;

   (c) expert witnesses or consultants (and their associated personnel and staff) retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with

respect to the subject matter of this action at the trial of this action or other proceeding herein;

(d) reinsurers, accountants, auditors or a non-party to whom a party is legally obligated or to whom it has a pre-existing contractual obligation in the ordinary course of business to make disclosure of Confidential Material;

(e) the Court and court personnel;

(f) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(g) outside photocopying, graphic production services, or litigation support services; and

(h) trial and deposition witnesses.

8. Confidential Material shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes except that the Receiving Party, if necessary, may show Confidential Material to parties identified in paragraph 7(d). Extracts, summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential Material shall also be treated as confidential in accordance with the provisions of this Stipulated Order. Confidential Material may be filed using the Court's ECF system and need not be filed under seal.

9. Notwithstanding any other provisions of this Stipulated Order, any party may request at any time permission to disclose Confidential Material, to a person other than those permitted by paragraph 7, above, by serving a written request upon counsel for the Producing Party. This request shall set forth the information or materials that the party wishes to disclose and the person to whom the party wishes to disclose the information and materials. If consent is withheld, or the party seeking to make disclosure and the Producing Party are unable to agree on

the terms and conditions of the disclosure, the party seeking to make disclosure may submit the matter to the Court for resolution.

## INADVERTENT PRODUCTION OF CONFIDENTIAL MATERIAL WITHOUT A DESIGNATION

10. In the event a Producing Party inadvertently produces documents or information that it considers to be or contain Confidential Material without having first designated the material as such, the Producing Party may so designate it.  Within thirty (30) days of learning of the inadvertent production of such material (or later with leave of Court or by agreement among the parties), the Producing Party must give written notice to all parties that it claims that the material is or contains Confidential Material, in whole or in part.  Upon such notice, the Producing Party shall provide all parties who have received a copy of such materials with a replacement copy marked with the Confidential Material designation.  All parties receiving the replacement copy shall promptly destroy, sequester or return to the Producing Party the unmarked copy of the material.

11. Producing or receiving documents and other information in accordance with the Stipulated Order or failing to object thereto, shall not:

    (a) Constitute a waiver by any person or party of any right to object to or seek a further protective order with respect to any request for information in this arbitration or in any other action;

    (b) Operate as an admission by any party that any particular documents or other information comprise or reflect trade secrets, proprietary information or any other type of confidential information;

    (c) Prejudice or waive in any way the rights of the parties to object to the production of documents they consider not subject to discovery for any reason other than the confidentiality of the documents;

    (d) Prejudice or waive in any way the rights of any party to object to the authenticity, relevancy or admissibility into evidence of any document, testimony or other evidence subject to the Stipulated Order; or

    (e) Prejudice or waive in any way any claim or defense with respect to the proceeding.

  12. Nothing in this Stipulated Order shall prevent any party from using or disclosing its own documents or information, or from using or disclosing any information it otherwise has received from any source other than a Producing Party.

  13. In the event that disclosure of any Confidential Material is sought from anyone who is subject to this Stipulated Order pursuant to a lawful subpoena, demand by governmental authority or other legal process, such person or entity shall, upon receipt of such request, notify the Producing Party within seven (7) days of the request for disclosure. The Producing Party may then seek to prevent disclosure by filing a motion for protective order or take other appropriate action and, if so, the Confidential Material shall not be disclosed until the Producing Party has a reasonable opportunity to file such motion or take such action.

  14. This Stipulated Order may be modified or amended by agreement of all parties, subject to approval by the Court, or by order of the Court for good cause shown.

  15. This Stipulated Order shall not act as a shield for any person or entity to refuse to disclose any information that it is, by law, rule, and/or court order, obligated to disclose.

  16. This Stipulated Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulated Order shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

  17. In the event that any person or entity subject to this Stipulated Order violates or gives reason to believe that he or she will violate this Stipulated Order, the aggrieved party shall be entitled to petition the Court for an appropriate remedy.

18. The production by Plaintiffs or Defendant of privileged or work product documents of an insured of Plaintiffs or Defendant does not effect a waiver of such privilege or work product protection and are deemed to be produced consistent with the parties' discovery obligations under the Federal Rules of Civil Procedure.

## DURATION OF STIPULATED ORDER

19. This Stipulated Order shall continue to be binding after the conclusion of this litigation except that: (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Stipulated Order. The provisions of this Stipulated Order shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

20. The Court will retain jurisdiction after the termination of this action to enforce the terms of this Stipulated Order.

IT IS SO STIPULATED.

DATED this 3rd day of January, 2013.

| | |
|---|---|
| MORALES FIERRO & REEVES | SIMPSON THACHER & BARTLETT LLP |
| By: /s/ *Debra B. Branse* <br>    (as authorized on January 3, 2013) <br> Ramiro Morales, #167947 <br> Debra B. Branse, #175771 <br> 2300 Contra Costa Blvd., Suite 310 <br> Pleasant Hill, CA 94523 <br> Telephone: (925) 288-1776 <br> Facsimile: (925) 288-1856 <br><br> *Attorneys for Plaintiff Maryland Casualty Company* | By: /s/ *Deborah L. Stein* <br> Deborah L. Stein (State Bar No. 224570) <br> K. Lucy Atwood (State Bar No. 222745) <br> Peter R. Jordan (State Bar No. 259232) <br> 1999 Avenue of the Stars, 29th Floor <br> Los Angeles, California 90067 <br> Telephone:(310) 407-7500 <br> Facsimile: (310) 407-7502 <br> E-mail: dstein@stblaw.com <br>         katwood@stblaw.com <br>         pjordan@stblaw.com <br><br> *Attorneys for Defendant National Fire & Marine Insurance Company* |

IT IS SO ORDERED.

Dated: January 8, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\maryland1947stip.prot.ord.docx